IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cr. No. 13-00326 SOM |
| ) | Civ. No. 15-00496 SOM/BMK |
| Plaintiff, ) | |
| ) | ORDER TO SHOW CAUSE WHY |
| vs. ) | ACTION UNDER 28 U.S.C. § 2255 |
| ) | SHOULD NOT BE DISMISSED AS |
| AMAN BERHANE, ) | UNTIMELY |
| ) | |
| Defendant. ) | |
| _____ ) | |
| AMAN BERHANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**ORDER TO SHOW CAUSE WHY ACTION UNDER 28 U.S.C. § 2255
SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner Aman Berhane has filed a petition for relief under 28 U.S.C. § 2255. The court notes that the judgment in his criminal case, Crim. No. 13-00326, was filed on May 29, 2014,[1] which was more than a year ago.

---

[1] There was a typographical error in a minute order filed by the court on April 23, 2015, in Crim. No. 13-00326. That minute order referred to the judgment as having been filed on "May 29, 2015," instead of on May 29, 2014. As the mistaken 2015 date was a month after the date of the minute order, ECF No. 52 in Crim. No. 13-00326, and as Mr. Berhane was at his sentencing hearing in 2014, the court trusts that the error in the year was obvious to Mr. Berhane and that Mr. Berhane therefore did not rely on the mistaken reference to May 29, 2015. Indeed,

Under 28 U.S.C. § 2255 (f):

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Berhane's petition appears to be challenging the criminal judgment entered on May 29, 2014.  It is not clear to the court how a § 2255 petition filed in November 2015 falls within the one-year limitation period.

Although Mr. Berhane's petition refers to an order by the Ninth Circuit on October 21, 2015, that order only denied his motion to proceed in forma pauperis with respect to his appeal from this court's denial on May, 12, 2015, of his Motion To Withdraw and Nullify Guilty Plea.  That motion was supplemented by

---

Mr. Berhane's petition lists "May 29, 2014" as the date of his sentencing (that was the date judgment was entered, while his sentencing hearing actually occurred on May 27, 2014.

2

Mr. Berhane in his Motion To Clarify. The Ninth Circuit order denying in forma pauperis status gave Mr. Berhane 21 days in which to pay the $505 filing fee for his appeal. When the Ninth Circuit did not receive that filing fee, it issued an order on November 20, 2015, dismissing the appeal "for failure to pay the docketing/filing fees in this case." The Ninth Circuit's order in October 2015 does not appear to this court to have triggered the running of any new limitation period for the filing of a challenge to the 2014 criminal judgment. Mr. Berhane could have filed a timely § 2255 motion by May 29, 2015, but it is not clear why he may now, months after that date, still challenge his 2014 criminal judgment.

The court orders Mr. Berhane to explain why the court should not dismiss his petition at this time as untimely. Mr. Berhane must submit that explanation to the prison mail system no later than January 5, 2016, for filing with this court. If Mr. Berhane fails to meet that deadline, the court will dismiss his petition as untimely.

The Government should check the electronic case file to review Mr. Berhane's explanation even if Mr. Berhane fails to serve a hard copy of his explanation on the Government. The Government may respond to Mr. Berhane's explanation no later than February 5, 2016. No later than March 7, 2016, Mr. Berhane may (but need not) file an optional reply memorandum, addressing the Government's response. Upon review of all filings, this court will determine whether a hearing is warranted. If the court determines that no hearing is warranted, the court will rule on the timeliness issue without a hearing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 1, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Aman Berhane, Cr. No. 14-00326; Aman Berhane v. United States, Civ. No. 15-00496 SOM/BMK; ORDER TO SHOW CAUSE WHY ACTION UNDER 28 U.S.C. § 2255 SHOULD NOT BE DISMISSED AS UNTIMELY