IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Crim. No. 13-00326 SOM |
|---|---|---|
| | ) | Civ. No. 18-00093 SOM/KJM |
| Plaintiff, | ) | |
| | ) | ORDER REFERRING TO THE NINTH |
| vs. | ) | CIRCUIT DEFENDANT AMAN |
| | ) | BERHANE'S "PETITION FOR WRIT OF |
| AMAN BERHANE, | ) | HABEAS CORPUS UNDER 28 U.S.C. |
| | ) | § 2241," WHICH THE COURT DEEMS |
| Defendant. | ) | TO BE A MOTION UNDER 28 U.S.C. |
| _____ | ) | § 2255 TO VACATE, SET ASIDE, OR |
| | | CORRECT SENTENCE; ORDER |
| | | REFUNDING FILING FEE |

**ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT AMAN BERHANE'S "PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241," WHICH THE COURT DEEMS TO BE A MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; ORDER REFUNDING FILING FEE**

**I.     INTRODUCTION.**

On March 13, 2018, Defendant Aman Berhane filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." Berhane argues that, pursuant to *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), a prior conviction sentencing enhancement he received is now improper. Berhane seeks to have his sentence vacated and to be resentenced. *See* Civ. No. 18-00093, ECF No. 1, PageID # 8; and ECF No. 2, PageID # 37. Because this motion is more appropriately treated as one under 28 U.S.C. § 2255, the court deems it to be a § 2255 motion and refers it to the Ninth Circuit Court of Appeals for a determination as to whether to certify it as a second or successive motion.

Because the court deems the motion to one under 28 U.S.C. § 2255, the court orders the Clerk of Court to return the $5.00 filing fee that Berhane submitted. *See* ECF No. 5.

**II.     BACKGROUND FACTS.**

On April 3, 2013, Berhane was indicted for drug and firearm crimes. *See* Indictment, ECF No. 9.[1]

Berhane pled guilty and was sentenced to concurrent 240-month terms of imprisonment for each of the drug crimes and a 120-month term of imprisonment for being a felon in possession of a firearm. Judgment was entered on May 29, 2014. *See* ECF Nos. 22, 23, 26, 47, and 48.

On November 27, 2015, Berhane filed a § 2255 motion. ECF No. 66. On December 29, 2015, the court dismissed that motion as untimely. *See* ECF No. 71.

The Supreme Court decided *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), in 2013 and 2016, respectively.

On March 13, 2018, Berhane filed the present petition (it appears to have been placed in the prison mail system on May 8, 2018), arguing that *Descamps* and *Mathis* render a sentencing enhancement he received inapplicable.

---

[1] Unless otherwise specifically noted, references to ECF Numbers are to Criminal No. 13-00326 SOM.

## III.     APPLICABLE LAW.

Berhane says he is bringing this motion under 28 U.S.C. § 2241(a), which allows writs of habeas corpus to be granted by this court. However, 28 U.S.C. § 2255 is generally "the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quoting Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000))).

A federal prisoner may seek relief under § 2241 only when the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This is referred to as the "savings clause" or "escape hatch" and is satisfied only when a petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quotation marks and citation omitted). A motion under 28 U.S.C. § 2241 must be brought in "the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("a habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . , even if the § 2241 petition contests the legality of a sentence by falling under the savings clause").

The Ninth Circuit has characterized the "escape hatch" as "narrow," noting that "§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). For example, in *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000), the Ninth Circuit stated that "§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Similarly, the expiration of the one-year statute of limitations with respect to motions under § 2255 does not make § 2255 an inadequate or ineffective remedy. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Reynosa v. Hood*, 25 F. App'x 647 (9th Cir. 2002) ("Reynosa's inability to bring a motion under § 2255 because of the statute of limitations[] does not render that remedy inadequate or ineffective."); *Mooers v. United States*, 10 F. App'x 559 (9th Cir. 2001) ("Mooers' inability to bring a motion under § 2255 because of its statute of limitations[] does not render that remedy inadequate or ineffective.").

Although Berhane claims that, under *Descamps* and *Mathis*, he is actually innocent and that, given the timing of those decisions, he could not have asserted his actual innocence

4

argument on direct appeal or in his first § 2255 motion, Berhane fails to demonstrate that § 2255 is or was "inadequate or ineffective" to bring his current claim.  Berhane could have sought certification from the Ninth Circuit to bring a second or successive § 2255 motion that argued actual innocence under *Descamps* and *Mathis*.

In 28 U.S.C. § 2255(h), Congress specifically provided for such a motion when a court of appeals certifies it:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Berhane could have sought certification from the Ninth Circuit to bring his current claim as a second or successive § 2255 motion, he fails to establish that § 2255 was "inadequate or ineffective."  To hold otherwise would make a nullity of the procedural requirements of § 2255.  Berhane simply fails to demonstrate that he qualifies for § 2255's "savings clause" or "escape hatch" such that he can file the present motion under § 2241.

Rather than transfer Berhane's "§ 2241 motion" to the district court in which Berhane is physically present (i.e., the "custodial court"), the court deems the motion to be one under § 2255 and refers it to the Ninth Circuit for § 2255(h) certification, if appropriate, in accordance with Circuit Rule 22-3(a). That rule states, "If a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

**IV.     CONCLUSION.**

The court deems Berhane's "§ 2241 motion" to be a § 2255 motion. The court refers the motion to the Ninth Circuit pursuant to Circuit Rule 22-3(a). The Clerk of Court is directed to transmit to the Ninth Circuit a copy of this order with a copy of Berhane's "§ 2241 motion" and his memorandum in support of motion. The Clerk of Court shall further serve those documents on Berhane and on Kenji Price, United States Attorney. The Clerk of Court is ordered to refund the $5.00 filing fee that Berhane submitted with respect to his "§ 2241 motion." Finally, the Clerk of Court is directed to close Civil No. 18-00093 SOM-KJM.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 6, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

U.S. v. Berhane, Crim. No. 13-0326 SOM; Civ. No. 18-00093 SOM/KJM; ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT AMAN BERHANE'S "PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241," WHICH THE COURT DEEMS TO BE A MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; ORDER REFUNDING FILING FEE